I hereby certify that the document is a true and
correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By:  s/Renee Schumitsh
Deputy Clerk

Received by the Eastern
District of AR on 3/5/2008

A CERTIFIED TRUE COPY
ATTEST

By Bonita Bagley on Feb 27, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 27, 2008

FILED
CLERK'S OFFICE

**IN RE: GADOLINIUM CONTRAST DYES**
**PRODUCTS LIABILITY LITIGATION**　　　　　　　　　　MDL No. 1909

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs in twelve actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Ohio. The GE defendants,[1] the Bayer defendants,[2] the Tyco defendants,[3] and defendant Novation, LLC, support centralization, but suggest the Northern District of Ohio as transferee district. Plaintiff in the Northern District of Alabama potentially related action supports centralization, but suggests the District of Colorado as transferee district. Defendant Bracco Diagnostics, Inc. (Bracco) opposes centralization of all claims against Bracco, the Tyco defendants, or the Bayer defendants; or, alternatively, suggests creating a separate MDL for each defendant group; or, alternatively, suggests the District of Kansas as transferee district.

This litigation currently consists of 24 actions listed on Schedule A and pending in thirteen districts as follows: five actions in the Southern District of Ohio; four actions each in the Northern District of Ohio and the Middle District of Tennessee; two actions in the Western District of Texas; and one action each in the Eastern District of Arkansas, the Central District of California, the District of Colorado, the Northern District of Georgia, the Western District of Louisiana, the District of Minnesota, the Western District of Missouri, the District of South Carolina, and the Southern District of Texas.[4]

---

[*] Judges Heyburn and Motz did not participate in the disposition of this matter.

[1] General Electric Co., GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.

[2] Bayer Healthcare Pharmaceuticals Inc., Bayer Healthcare LLC, Bayer Corp., and Bayer Pharmaceuticals Corp.

[3] Mallinckrodt, Inc., Tyco International Ltd., Tyco Healthcare Ltd., Tyco Holdings Ltd., Tyco Healthcare Group LP, and Covidien Ltd.

[4] The Panel has been notified that 44 other related actions have been filed as follows: four actions in the District of New Jersey; three actions each in the Eastern District of Missouri, the Eastern District of Wisconsin, and the Northern District of West Virginia; two actions each in the Northern District of Alabama, the Eastern District of Arkansas, the Central District of California, the District

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of the allegation that gadolinium based contrast dyes may cause nephrogenic systemic fibrosis in patients with impaired renal function. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization of all MDL No. 1909 actions, defendant Bracco argues, *inter alia*, that (1) the actions do not share sufficient questions of fact because each of the contrast agents is chemically and pharmacologically different; (2) because of the unique properties of each contrast agent, a global MDL will impinge upon the due process rights of the separate defendant companies; (3) when each defendant group is considered separately, there are too few actions to warrant MDL treatment for any claims other than those involving the GE defendants; and (4) alternatives to centralization are available and sufficient to coordinate the small number of claims involving Bracco and the Tyco and Bayer defendants.

We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 1909 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199

---

of Colorado, the Middle District of Louisiana, the District of Maryland, and the District of Minnesota; and one action each in the Western District of Arkansas, the Northern District of California, the District of Connecticut, the District of District of Columbia, the Middle District of Florida, the Central District of Illinois, the Southern District of Illinois, the Southern District of Indiana, the District of Kansas, the Western District of Louisiana, the Western District of Missouri, the Western District of New York, the Middle District of North Carolina, the Northern District of Ohio, the Southern District of Ohio, the Northern District of Oklahoma, and the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-3-

F.R.D. at 436-38.  We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

We are persuaded that the Northern District of Ohio is an appropriate transferee district. This district provides a relatively central forum for this nationwide litigation.  In addition, Judge Dan A. Polster has the time and experience to steer this docket on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman[*]   J. Frederick Motz[*]
Robert L. Miller, Jr.            Kathryn H. Vratil
David R. Hansen                  Anthony J. Scirica

**IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION**                    MDL No. 1909

## SCHEDULE A

    Eastern District of Arkansas

Roland Thomas v. General Electric Co., et al., C.A. No. 4:07-936

    Central District of California

Cynthia Kay Mitchell v. Berlex Labs, Inc., et al., C.A. No. 5:07-433

    District of Colorado

Greta Carolus, et al. v. General Electric Co., et al., C.A. No. 1:07-714

    Northern District of Georgia

Mary Davis, etc. v. General Electric Co., et al., C.A. No. 4:07-202

    Western District of Louisiana

Ronald E. Corkern, III v. General Electric Co., et al., C.A. No. 1:07-979

    District of Minnesota

William Clark v. General Electric Co., et al., C.A. No. 0:07-3818

    Western District of Missouri

Abraham Showalter, et al. v. General Electric Co., et al., C.A. No. 5:07-6102

    Northern District of Ohio

John G. Walker, et al. v. Tyco Healthcare Group LP, et al., C.A. No. 1:07-741
Beverly Rockwell, etc. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
  C.A. No. 1:07-1564
Gwendolyn Dennis v. General Electric Co., et al., C.A. No. 1:07-2849
James Babione v. General Electric Co., et al., C.A. No. 3:07-1977

    Southern District of Ohio

Alisha A. Hagwood, et al. v. General Electric Co., et al., C.A. No. 2:07-548
Robert W. Murray, et al. v. General Electric Co., et al., C.A. No. 2:07-612

- A2 -

**MDL No. 1909 Schedule A (Continued**)

      Southern District of Ohio (Continued)

Carolyn Hall, etc. v. General Electric Co., et al., C.A. No. 2:07-942
Lance A. Voeltner v. General Electric Co., et al., C.A. No. 2:07-943
Paul W. Frazier, et al. v. Bayer Corp., et al., C.A. No. 2:07-1005

      District of South Carolina

Anna White v. General Electric Co., et al., C.A. No. 2:07-1740

      Middle District of Tennessee

Danielle Marie Snyder v. GE Healthcare, Inc., et al., C.A. No. 3:07-290
Jeanetta Deason v. General Electric Co., et al., C.A. No. 3:07-619
Jerry Henley, et al. v. Tyco International, Ltd., et al., C.A. No. 3:07-774
Kerry Kurt Phillips, et al. v. General Electric Co., et al., C.A. No. 3:07-824

      Southern District of Texas

Lloyd Massie, et al. v. Bayer Healthcare, LLC, et al., C.A. No. 3:07-368

      Western District of Texas

Donna Lee v. General Electric Co., et al., C.A. No. 5:07-825
Ray Rodriguez, et al. v. General Electric Co., et al., C.A. No. 5:07-826